No. 23-3518

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
*Appellee,*
v.
JASON M. POTTER,
*Appellant*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
HONORABLE ROSEANN A. KETCHMARK
(No.21-00120-01-CR-W-RK)

BRIEF OF APPELLANT

Christopher S. Swiecicki
SWIECICKI & MUSKETT, LLC
16100 Chesterfield Parkway W, Ste 368
Chesterfield, MO, 63017
Office: (636) 778-0209
Direct: (314) 341-5796
Chris@SwiecickiLaw.com
Attorney for Appellant

## SUMMARY OF THE CASE

After a three-day jury trial, Defendant Jason Potter was found guilty of Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or ore of Methamphetamine (Count 1) and Possession with Intent to Distribute 500 Grams or more of Methamphetamine (Count 2). 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1), respectively.

Defendant was sentenced to 360 months of imprisonment on Count 1 and 360 months of imprisonment on Count 2, the terms to run concurrently, for a total of 360 months.

Defendant argues that the trial court erred in its denial of his Motion to Suppress evidence obtained in a traffic stop and that trial court was vindictive in sentencing him to ten times the length of his co-Defendant for exercising his right to a jury trial.

Oral argument of 10 minutes is requested in this matter as the issue regarding the traffic stop is an important constitutional question.

# TABLE OF CONTENTS

SUMMARY OF THE CASE.....................................................................ii

TABLE OF CONTENTS.......................................................................iii

TABLE OF AUTHORITIES..................................................................iv

JURISDICTIONAL STATEMENT.........................................................1

STATEMENT OF THE ISSUE PRESENTED.......................................2

STATEMENT OF THE CASE...............................................................3

SUMMARY OF THE ARGUMENT.......................................................8

ARGUMENT I (Automobile Search) ..................................................9

ARGUMENT II (Sentencing) ............................................................17

CONCLUSION....................................................................................19

CERTIFICATE OF COMPLIANCE......................................................20

# TABLE OF AUTHORITIES

CASES

*Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710 (2009) .............10

*Bordenkircher v. Hayes*, 434 U.S. 357....................................8,18

*California v. Carney*, 471 U.S. 386, S.Ct. 2066 (1985)..............10

*Colorado v. Bertine,* 479 U.S. 367, 107 S.Ct. 738 (1987)...........11

*Delaware v. Prouse*, 440 U.S. 648, 653, S.Ct. 1391 (1979)........13

*Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329 (1959)........9

*Florida v. Wells*, 495 U.S. 1, 4, 110 S.Ct. 1632 (1990)................16

*Gufstason v. Florida*, 414 U.S. 260, 94 S.Ct. 488 (1973...............9

*Hess v. United States*, 496 F.2d 936 (8th Cir. 1974).................17

*Hudson v. Michigan*, 547 U.S. 586, 126 S.Ct. 2159 (2006) ......14

*Illinois v. Caballes*, 543 U.S. 405, 407, 125 S.Ct. 834 (2005......13

*Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507(1967) .....2,9,15

*Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408 (1978).............15

*Minnesota v. Olson*, 495 U.S. 91, 110 S.Ct. 1684..........................11

*New York v. Belton*, 453, U.S. 454, 457 (1981...........................2,9

*North Carolina v. Pearce*, 395 U.S. 711, 726 (1969)................2,17

*Ornelas v. United States*, 517 U.S. 690, 697 (1996) ....................8

*Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380 (1984)....................14

*United States v. Everroad*, 704 F.2d 403(8th Cir. 1983................12

*United States v. Goodwin*, 457 U.S. 368, (1982)....................2,17

*United States v. Hall*, 497 F.3d 846, 851 (8th Cir. 2007..............16

*United States v. Lowry, 935 F.3d 638 (8th Cir. 2019)*...................8

iv

*United States v. Mazzafero*, 865 F.2d 450(1st Cir. 1989) .....8,17

*United States v. Olivera- Mendez,* 484 F.3d 505 (8th Cir. 2007) ...…...14

*United States v. Sanchez*, 417 F.3d 971 (8th Cir. 2005).............14

*United States v. Sims*, 424 F.3d 691 (8th Cir. 2005..................16

*United States v. Smith*, 820 F.3d 356 (8th Cir. 2016) ..............8

*United States v. Taylor*, 636 F.3d 461 (8th Cir. 2011................15

*United States v. Washington*, 109 F.3d 459 (8th Cir. 1997).....11

*United States v. Woolbright*, 831 F.2d 1390 (8th Cir. 1987......12

*United States v. $404,905 in U.S. Curr*, 182 F.3d 643(8th Cir. 1999......14

*Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341 (1914)......11

*Welsh v. Wisconsin*, 466 U.S. 740, 104 S.Ct. 2091 (1984.........13

*Whren v. United States*, 517 U.S. 806, 116S.Ct. 1769 (1996).....12

*Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407 (1963)...2,11,13


STATUTES

21 U.S.C. §§ 841(a)(1), (b)(1)(A) ...............................................ii,1

21 U.S.C. §§ 841(a)(1) and (b)(1) ...............................................ii,1

21 U.S.C. §§ 846 ...............................................................................ii,1

18 U.S.C. § 3231 ...............................................................................1

28 U.S.C. § 1291 ...............................................................................1

*U.S. Const. Amend. IV*..................................................................9

RSMo § 304.155.1(5) ......................................................................15

U.S. Const. amend. VI ....................................................................18


FEDERAL RULES

Fed. R. App. P.  4(b)(1)(A)(i).........................................................1

v

## JURISDICTIONAL STATEMENT

The United States District Court for the Western District of Missouri had original jurisdiction over this federal criminal prosecution pursuant to 18 U.S.C. § 3231. This Court's jurisdiction is based on 28 U.S.C. § 1291 providing for jurisdiction over appeals from final judgments.

Defendant was found guilty after a jury trial of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 and 841(a)(1) and (b)(1)(A) Possession with Intent to Distribute 500 Grams or more of Methamphetamine (Count 2).

Defendant appeals from the sentence entered on November 14, 2023.

On November 15, 2023 Defendant timely filed his notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i).

## STATEMENT OF THE ISSUES PRESENTED

The trial court erred in denying Defendant's Motion to Suppress Evidence Obtained in a Traffic Stop

> *New York v. Belton*, 453, U.S. 454, 457 (1981)
> *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507 (1967)
> *United States v. Barrow*, 287 F.3d 733 (8th Cir. 2002)
> *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407 (1963)

The Due Process Clause entitles Defendant to Resentencing because his 360-month sentence triggers a presumption of vindictiveness for Exercising his Right to a Jury Based on the substantial disparity with the sentence given to the co-defendant who pled guilty.

> *United States v. Goodwin*, 457 U.S. 368 (1982)
> *North Carolina v. Pearce*, 395 U.S. 711, 726 (1969)

TRAFFIC STOP

The relevant documents related to this argument consist of (1) Defendant's Motion to Suppress Evidence *R. Doc. 74,* (2) Government's Opposition to Defendant's Motin to Suppress Evidence, *R. Doc.* 80, (3), Magistrate Gaddy's Report and Recommendation, *Add. 8-25*, *R. Doc.* 99, (4) Defendant's Objections to the Report and Recommendation, *R. Doc.* 110,[1] and (5) the transcript of the suppression hearing that occurred on August 17, 2022.

Lee's Summit Police Department Crime Reduction Team (CRT) was conducting surveillance at the America's Best Value Inn after receiving information that drug activity was occurring at the business and numerous stolen vehicles had been frequenting the area. *Add. 9, R. Doc. 99 at 2.*

The officers observed a black Nissan parked crookedly between two parking spots in the hotel's lot. *Add. 10, R. Doc. 99 at 3.* Officer Smith testified that parking a car in that manner was suspicious and indicated that such a person would arrive and exit quickly. *Add 10, R. Doc. 99, page 3,*

---

[1] The District Court adopted the Report and Recommendation without additional comments. *Add. 26, R. Doc. 155.*

*footnote 5,*. A computer check of the license plate by Officer Smith revealed the owner of the vehicle was Defendant Jason M. Potter who had an outstanding warrant for a parole violation. *Add. 10, R. Doc. 99 at 3.*

Officer Jones testified that in the previous days leading to the arrest he had surveilled the parking lot of the hotel, saw the vehicle parked in the parking lot, ran the license plates, and learned that the subject vehicle was registered to Defendant and that he had an active warrant. *Suppression Hearing TR. page 14.*

On the day of the arrest, the officers observed the Defendant exit the hotel on several occasions. *Add 10, R. Doc. 99 at 3.*

Officers identified Potter when he walked out of the rear of the business and toward his parked vehicle. Potter placed two bags (a black computer case and a blue Walmart cloth shopping bag) in the passenger rear side of the vehicle and went back into the business. The driver (later identified as Dryden) pulled the vehicle to the front of the business near the lobby doors. Potter subsequently came out of the back of the business. *Add. 10, R. Doc. 99 at 3.*

Shortly after the vehicle left the parking lot of the hotel, the officers stopped the vehicle. *Add. 11, R. Doc. 99 at 4.*

Upon stopping the vehicle, the officers requested the driver and Defendant for identification. *Add. 11, R. Doc. 99 at 4.* The driver of the vehicle, Daniel Dryden, had a suspended license. As such, could no longer legally drive the vehicle. *Add. 12, R. Doc. 99 at 5.*

Officer Jones inquired of Defendant if anyone was available to drive the vehicle. *Add 12, R. Doc. 99 at 5.* Defendant provided two names they were Glen Bernstein and Erin, the night manager of the hotel. *Suppression Hearing TR page 39.* Dryden was still in the vehicle at the time Officer Jones attempted to contact the potential drivers of the vehicle supplied by the Defendant. *Add. 13, R. Doc. 99 at 6.* After neither individual answered the telephone calls, Officer Jones stated to Dryden that he could walk back to the hotel and inquire of the hotel manager if she would drive the vehicle back to the hotel. *Add. 13, R. Doc. 99 at 6.* Dryden requested the car keys but was denied. *Add. 14, R. Doc. 99 at 7.*

Officer Jones did not leave any voice messages on the calls placed to Mr. Bernstein. *Suppression Hearing TR page 45-46.*

The officers discussed the idea of towing Defendant's vehicle and contacted their supervisor. *Add. 14, R. Doc. 99 at 7.* The officers testified that they decided to tow the vehicle pursuant to Lee Summitt's tow policy. *Add.*

*15, R. Doc. 99 at 8.* The tow policy did not set forth procedures to be followed when the passenger is the one taken into custody and the driver is legally prohibited from operating the vehicle. *Add. 15, R. Doc. 99 at 8, footnote 18.*

The officers ordered a tow of Defendant's vehicle shortly after 2:30 p.m. Eight minutes later Officer Hunter began searching the vehicle and discovered the presence of methamphetamine in the vehicle. *Add. 15-16, R. Doc. 99 at 8-9,* It should be noted that officers initiated the traffic stop of Defendant's vehicle at 1:49 p.m. *Add. 11, R. Doc. 99 at 4.*

At approximately 2:58 p.m. an unidentified individual arrived at the scene and asked to remove the vehicle. *Add. 16, R. Doc. 99 at 9.* The search of the vehicle had already been completed, the request to remove the vehicle was denied, and shortly thereafter the vehicle was towed. *Add. 16, R. Doc. 99 at 9.*

The officers justified the towing of the vehicle pursuant to Lee Summit's Tow Policy, section IIIB)(1)(f)[2]. *Add. 20, R. Doc. 99 at 13.* Said section of the tow policy authorizes a tow when "the operator of the vehicle is taken into custody." Dryden, the operator of the vehicle, was not taken into custody. *Add. 20-21, R. Doc. 99 at 13-14.*

---

[2] The Lee Summit Tow Policy is found at *Add. 28-34.*

As such, the section of the tow policy was not applicable to the towing of Defendant's automobile. *Add. 20-21, R. Doc. 99 at 13-14.*

Upon ordering the tow of Defendant' vehicle, the police officers searched the vehicle and discovered bags of methamphetamine. *Add. 16, R. Doc. 99 at 9.*

The magistrate denied Defendant's Motion to Suppress the Evidence (Methamphetamine).

SENTENCING

On November 8, 2023 Defendant's Sentencing was held and he was sentenced to 360 months on each count and the sentences to run concurrently with each other.

Defendant's co-defendant received a sentence of 36 months after pleading guilty.

At sentencing, the judge noted that Defendant filed extension motions that were harsh to the government and the system. *Sentencing hearing TR page 99.*

In essence, Defendant was sentenced to 10 times the period of confinement as his co-Defendant based upon exercising his rights to a jury trial and filing numerous motions harsh to the government and the system.

## SUMMARY OF THE ARGUMENT

Issue I:     The trial court erred in denying Defendant's Motion to Suppress evidence discovered in his automobile.

A mixed standard of review applies to the denial of a motion to suppress evidence.

*United States v. Smith*, 820 F.3d 356, 359 (8th Cir. 2016). "The trial court's findings of fact are reviewed for clear error and its denial of the suppression motion is reviewed *de novo. United States v. Lowry, 935 F.3d 638 (8th Cir. 2019).*

Issue II: The Presumption of Vindictiveness is warranted given the disparity of sentences based upon Defendant exercising his right to a jury trial.

A court violates due process when it punishes a defendant for exercising a legal right. *Mazzafero*, 865 F.2d at 459-60; *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). The application of a constitutional right to the particular facts in a case is entitled to *de novo* review. *Ornelas v. United States*, 517 U.S. 690, 697 (1996)

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE DISCOVERED IN HIS AUTOMOBILE

The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. *U.S. Const. Amend. IV.* The Fourth Amendment of the Constitution requires that in order to search a vehicle or residence, a warrant must be issued by a neutral magistrate who determines that there is probable cause to do so. *New York v. Belton*, 453, U.S. 454, 457 (1981); *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514 (1967). The warrant requirement is "subject only to a few specifically established and well-delineated exceptions". *Katz* at 357.

The warrantless search exception of the search incident to arrest requires that the arrest be lawful based upon probable cause. When there is no probable cause for the arrest, the search violates the Fourth Amendment. *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329 (1959). A search incident to arrest may include a search of containers on the individual's person or in his clothing. *Gufstason v. Florida*, 414 U.S. 260, 94 S.Ct. 488 (1973).

A search incident to arrest is justified only by a lawful arrest and is based on concerns for officer safety and the preservation of evidence. There must be a lawful arrest based upon probable cause; the search must be contemporaneous with the arrest; the police must reasonably believe that their safety is at issue or that the vehicle contains evidence of the offense for which the individual is arrested; and the search may only go so far as the "grabbing area" of the individual arrested. *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710 (2009).

The automobile exception requires the officer to have probable cause to believe contraband is within the car in order to search the car without a warrant. *California v. Carney*, 471 U.S. 386, 105 S.Ct. 2066 (1985); *Whren v. United States*, 517 U.S. 806, 116S.Ct. 1769 (1996). The automobile exception is based upon the inherent mobility of vehicles and the lower expectation of privacy. There must be probable cause to believe the vehicle or a container within it contains evidence of a crime.

The exigent circumstances exception requires the police to act immediately or risk imminent danger to themselves or the public, the destruction of evidence or the escape of a suspect. It requires that the police have probable cause to believe the suspect committed a crime and probable

cause to believe items relating to a crime would be found in the place searched. *Welsh v. Wisconsin*, 466 U.S. 740, 104 S.Ct. 2091 (1984); *Minnesota v. Olson*, 495 U.S. 91, 110 S.Ct. 1684 (1990).

Administrative, regulatory and inventory searches are exceptions to the warrant requirement based upon noncriminal societal concerns such as the safety of school children, employment related concerns, the safety of the general public, or the prevention against later claims of theft. *Colorado v. Bertine,* 479 U.S. 367, 107 S.Ct. 738 (1987).

The Fourth Amendment prohibits the use of illegally seized evidence in order to promote judicial integrity and deter illegal police conduct. *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341 (1914). Evidence seized during an unlawful search, direct and indirect, must be excluded. The "fruit" of an official illegality can come in the form of tangible as well as verbal evidence. *Wong Sun v. United States*, 371 U.S. 471, 484-85, 83 S.Ct. 407, 415 (1963).

Probable cause exists when the totality of circumstances demonstrates that a prudent person would believe that the arrestee has committed or was committing a crime. *United States v. Washington*, 109 F.3d 459, 465 8th Cir. 1997). Law enforcement officers have a duty to conduct a reasonably

thorough investigation prior to arresting a suspect, at least in the absence of exigent circumstances and so long as "law enforcement would not [be] unduly hampered...if the agents...wait to obtain more facts before seeking to arrest." *See United States v. Woolbright*, 831 F.2d 1390, 1394 (8th Cir. 1987); *United States v. Everroad*, 704 F.2d 403, 407 (8th Cir. 1983).

Defendant Potter had a valid warrant entitling law enforcement to legally arrest him. The arrest could have taken place at the motel prior to his vehicle leaving private property or even prior to Potter entering the vehicle the first time and most certainly the second time.

Law enforcement rather than seeking a valid warrant to search Potter's vehicle went around the search warrant requirements by allowing the vehicle to move off private property a short distance prior to initiating a traffic stop.

Time was not of the essence as the motel had been watched for days and the vehicle had been there for days. Law enforcement could have arrested Potter and then sought a warrant from a judge who would consider all the facts including that the vehicle was parked on private property. They could have continued surveillance on the vehicle while attempting to obtain a warrant.

Even though law enforcement waited until the vehicle was moved from private property to stop the vehicle and detain Potter, the subsequent arrest of Potter does not allow law enforcement to ignore the protections against warrantless searches.

A traffic stop is a seizure of everyone in the stopped vehicle. D*elaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391 (1979). Passengers in an illegally stopped vehicle have standing to object to the stop and may seek to suppress the evidentiary fruits of that illegal seizure under the fruit of the poisonous tree doctrine, as expounded in the line of cases following *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407 (1963).

The legal issue is the causal relationship between the traffic stop and the discovery of the evidence; whether the evidence found in the car was fruit of the illegal stop. In the instant case, Potter was both the owner and passenger of the vehicle. After the vehicle was stopped, it was determined the driver had a suspended license and yet he was allowed to leave with a warning. The driver ultimately became a co-defendant.

A constitutionally permissible traffic stop can become unlawful, however, "if it is prolonged beyond the time reasonably required to complete" its purpose. *Illinois v. Caballes*, 543 U.S. 405, 407, 125 S.Ct. 834

(2005).  During a traffic stop, an officer may detain the occupants of the vehicle "while the officer completes a number of routine but somewhat time-consuming tasks related to the traffic violation".  *United States v. $404,905.00 in U.S. Currency*, 182 F.3d 643, 647 (8th Cir. 1999).  The tasks include "asking for the driver's license, the vehicle's registration, as well as inquiring about the occupants' destination, route, and purpose". *United States v. Sanchez*, 417 F.3d 971, 975 (8th Cir. 2005).

There are two instances when an officer may extend or expand the scope of a traffic stop beyond the original justification for the stop.  The first is if the encounter becomes consensual, and the second is if the officer develops reasonable suspicion that other criminal activity is afoot.  See *Sanchez*, (417 F.3d at 975).

Potter had already been arrested/detained and there was no justification to search the vehicle.

Only if the constitutional violation was "at least a but for cause of obtaining the evidence" is suppression of evidence the appropriate remedy.  *United States v. Olivera- Mendez,* 484 F.3d 505 at 511 (8th Cir. 2007) citing *Hudson v. Michigan*, 547 U.S. 586, 126 S.Ct. 2159 (2006) and *Segura v. United States*, 468 U.S. 796, 815, 104 S.Ct. 3380 (1984).

RSMo § 304.155.1(5) requires an officer to give an opportunity to a driver being arrested an opportunity to arrange for a vehicle's timely removal before impounding such property and performing an inventory search.

The alleged phoning of Defendant's friend to remove the vehicle from an unknown law enforcement phone and not leaving a message is dubious. The refusal of the police officers to give the keys to the driver was not the call of the police officers. The Defendant gave them permission to do so.

Defendant was arrested at the traffic stop for a domestic violence warrant. Defendant was requested to step outside the vehicle and complied.

In another case reviewing the district court's denial of a motion to suppress in an inventory search case, *United States v. Taylor*, 636 F.3d 461 (8th Cir. 2011), the Court stated "The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that searches conducted outside the judicial process, without prior approval of a judge or magistrate, are *per se* unreasonable under the Fourth Amendment subject only to a few specifically established and well-delineated exceptions.'" citing *Mincey v. Arizona*, 437 U.S. 385, 390, 98 S.Ct. 2408 (1978)( quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507 (1967)).

The inventory search must be reasonable under the totality of the circumstances. *United States v. Hall*, 497 F.3d 846, 851 (8th Cir. 2007), and may not be "a ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells*, 495 U.S. 1, 4, 110 S.Ct. 1632 (1990).

The inventory search must be conducted according to standardized police procedures. In that case, the Court found that the police did not comply with Kansas City Police Department procedures. It also rejected the proposition that an impoundment is constitutional solely because KCPD policy allows towing based upon a "belief" that a vehicle contains evidence of a crime. *United States v. Sims*, 424 F.3d 691, 693 (8th Cir. 2005). The Court reversed the district court's denial of the motion to suppress.

As such, the conduct and the ruse of the arresting officer to gain control of Defendant's vehicle was such that this court should reverse the district court and sustain Defendant's motion to suppress.

THE DUE PROCESS CLAUSE ENTITLES DEFENDANT TO RESENTENCING
BECAUSE HIS SENTENCE OF 10 TIMES GREATER THAN HIS CODEFENDANT WHO PLED
GUILTY TRIGGERS A PRESUMPTION OF VINDICTIVENESS FOR EXERCISING HIS RIGHT
TO A JURY TRIAL BASE ON THE SUBSTANTIAL DISPARITY OF THE SENTENCE

Mr. Potter was the only defendant in his case who chose to stand trial rather than plead guilty.

There is a presumption of vindictiveness where an action detrimental to a defendant has been taken under circumstances in which a "reasonable likelihood of vindictiveness exists." *United States v. Goodwin*, 457 U.S. 368, 373 (1982). A disparity between the sentences of a defendant who elects to stand trial and similarly situated defendants who pled guilty will trigger this presumption. *See, e.g., United States v. Mazzafero*, 865 F.2d 450, 459-460 (1st Cir. 1989). In such circumstances, the reasons for a more severe sentence, along with the factual data upon which the increased sentence is based, must be part of the record "so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *North Carolina v. Pearce*, 395 U.S. 711, 726 (1969). The appropriate remedy is to remand Defendant's case to the district court for resentencing. *Hess v. United States*, 496 F.2d 936, 938 (8th Cir. 1974) (remanding to provide district judge with "an opportunity to fully examine his sentencing procedure and to consider

the factors which motivated the sentences imposed.").

The Sixth Amendment to the Constitution guarantees the right to trial by jury in all criminal prosecutions. U.S. Const. amend. VI. "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort... and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.' " *Bordenkircher*, 434 U.S. at 363.

At sentencing the trial court indicated the Defendant was a difficult client and filed documents harsh to the government and the system.

Sentencing Defendant to a period of confinement 10 times greater than his co-Defendant who pled guilty coupled with the statements of the trial court clearly reflect punishment for Defendant's tactics of requesting a trial and filing a tremendous amount of pro se motions/demands.

The appropriate relief is to vacate the sentence and remand the proceedings for new sentencing consistent with the opinion of the court.

<u>CONCLUSION</u>

This Court should reverse the ruling of the trial court and sustain

Defendant's Motion to Suppress the Evidence seized at the traffic stop.

Or in the alternative, remand the case back to the trial court for

resentencing.


RESPECTFULLY SUBMITTED,

SWIECICKI & MUSKETT, LLC

By:   /s/ Christopher S. Swiecicki     
Christopher S. Swiecicki #38402
Swiecicki & Muskett, LLC
16100 Chesterfield Parkway W, Ste 368
Chesterfield, MO, 63017
Office: (636) 778-0209
Direct: (314) 341-5796
Chris@SwiecickiLaw.com
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief and its addendum comply with Federal Rule of Appellate Procedure 32(a) and Eighth Circuit Local Rule 28A because the brief was prepared in a 14-point proportionally spaced typeface in Microsoft Word and contains 4,268 words, and the electronic versions of the brief and its addendum have been scanned for viruses and are virus free.

*/s/ Christopher S. Swiecicki*