# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No. 23-3518

**UNITED STATES OF AMERICA,**

Appellee,

v.

**JASON M. POTTER,**

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION
HONORABLE ROSEANN A. KETCHMARK, DISTRICT JUDGE

**ADDENDUM FOR THE UNITED STATES**

TERESA A. MOORE
  United States Attorney

JUSTIN G. DAVIDS
  Assistant United States Attorney

  Charles Evans Whittaker Courthouse
  400 East 9th Street, 5th Floor
  Kansas City, Missouri  64106
  Telephone:  (816) 426-3122

  *Attorneys for Appellee*

**LEE'S SUMMIT POLICE DEPARTMENT**
**GENERAL ORDER 200.21A**

| SUBJECT: Towing, Vehicle/Property | Issue Date: 11-22-13 | Effective Date: 11-22-13 |
|---|---|---|
| Rescinds: G.O. 200.21 issued on 01-09-09 | | |
| Reference: CALEA 61.4.3; 304.001, 304.154, 304.155, 304.156, and 304.157 RSMo; City Ordinance 29-60 | | |
| By Order Of: Joe Piccinini, Chief Of Police | | |

I. **POLICY**

**Vehicles will be towed in compliance with established laws, ordinances, and contracts.**

II. **DEFINITIONS**

  A. **Abandoned Property** – any unattended motor vehicle, trailer, all-terrain vehicle, outboard motor, or vessel removed or subject to removal from public or private property as provided in City Ordinance 29.60 and Section 304.155 and 304.157 RSMo, whether or not operational.
  B. **Citizen Requested Tow** – a request by a citizen for the service of a specifically named tow company.
  C. **Non-Preference Tow** – a request by a citizen for the service of a non-specific tow company; where in, a tow service under contractual agreement with the City is utilized.
  D. **Police Ordered Tow** – a request by an officer/employee for the service of a tow company that is under contractual agreement with the City.

III. **PROCEDURES**

  A. Officer Responsibilities for Abandoned Vehicles/Property (61.4.3a)
    1. Before towing of any vehicle/property, a reasonable attempt to locate and notify the owner will be made in an effort to get the vehicle/property removed.
        a. If the owner cannot be located, a tow sticker will be placed on the vehicle to afford the owner with an opportunity to move the vehicle/property within the designated time frame.
    2. After 10 (ten) hours on any interstate, freeway, or state highway; or forty-eight (48) hours on a city street has elapsed without the vehicle/property being moved, an officer will remove the vehicle/property to a secure impound lot using a city tow service and complete a Crime Inquiry and Inspection Report/Authorization to Tow Form – DOR 4569 including an inventory of the contents. (61.4.3c)
    3. An officer will request a tow service (specifying Police Ordered, Citizen Requested, or Non-Preference Tow) through the Communications Unit. An officer should provide the following information to a Communications Specialist (CMS):
        a. The vehicle license number and/or Vehicle Identification Number (VIN);
            • The officer will obtain and place the last registered owner/lien holder information, if known, on the Tow Form – DOR 4569.
        b. The location where the vehicle/property is to be towed;

GOVERNMENT EXHIBIT 2

-A1-

- c. The type of vehicle/property to be towed; (e.g., motorcycle, passenger car, truck, trailer, etc.)
- d. Any special circumstances that the tow service may need to know; (e.g., winch, dollies, vehicle is under water, overturned, etc.) and,
- e. If protected storage is required.

4. An officer(s) will:
   a. Examine the vehicle/property for damage and place a notation on the [Tow Form – DOR 4569](#) of anything remarkable.
   b. Inventory vehicle/property that is towed and/or impounded to include:
      - An inventory of the personal property within the vehicle, including the glove compartment and trunk, provided that the inventory can be conducted without damage to the vehicle or its contents.
      - Weapons, contraband, currency (exceeding one hundred dollars), and items having potential evidentiary value will be removed from the vehicle/property and placed in Property/Evidence for the purpose of safekeeping with a Property/Evidence Report being completed.
      - The description and/or identification of valuable items (including serial numbers) will be listed on the Tow Form.
      - Articles of personal luggage or any container that can be opened without being damaged will be opened for the purpose of inventorying the contents.
      - Vehicle keys should remain with the vehicle, if at all possible, for security reasons.
        i. If the vehicle is to be held for evidence, processing, and/or possible seizure/forfeiture, the keys may be retained and delivered as property/evidence.
   c. Process recovered stolen vehicles at the scene of recovery, if practical, or tow to the Police Department.
      - The investigating officer will notify the owner of the recovery of the vehicle and provide information about the release.
      - If unable to release to the owner at the scene, complete [Tow Form – DOR 4569](#) and forward to the Patrol Unit Secretary with the following: (61.4.3c)
        i. The name and address of the tow service; and,
        ii. Personal signature of the tow operator.
   d. Provide the tow service with the:
      - Incident/Computer Aided Dispatch (CAD) number;
      - Vehicle/Property owner's name, address, and phone number, if available; and,
      - Signature and date/time of tow on the tow ticket provided by the tow company with a copy being forwarded to the Patrol Unit Secretary.
   e. Within 2 (two) hours, if practical, of any vehicle/property removal [Tow Form – DOR-4569](#) will be submitted to on-duty CMS. (61.4.3c)
   f. Determine whether it is appropriate to issue a Uniformed Traffic Ticket (UTT) to the registered owner of a vehicle/property as authorized by City Ordinance 29-60.

- B. Police Ordered Public Property Tows
    1. An officer may tow a vehicle/property within the City Limits of Lee's Summit under the following situations when: (61.4.3b)
        a. abandoned vehicle/property is on the right of way. (Refer to [Section A, 2](#)) (61.4.3a,b)
        b. abandoned vehicle/property is left unattended and in such a manner that it obstructs the normal movement of traffic or constitutes a hazard to public safety and there is no reasonable indication that the person in control of the vehicle/property is arranging for its immediate control or removal. (61.4.3a,b)
        c. in the interest of public safety, the vehicle/property removal is necessary. (e.g., fire, flood, snow removal, street work, or other emergency reason)
        d. being driven upon the public streets in such condition that it constitutes a hazard to its occupants, pedestrians, or vehicular traffic. (61.4.3b)
        e. the person in charge of the vehicle/property is physically or mentally incapacitated to such an extent as to be unable to provide for the vehicle/property custody and removal. (e.g., traffic crashes, protective custody detentions) (61.4.3b)
        f. the operator of the vehicle/property is taken into custody and at least one of the following conditions exist: (61.4.3b)
            - The person is unable to arrange for the vehicle/property's proper and timely removal;
            - No passengers are present who can legally remove the vehicle/property with the driver's consent;
            - The vehicle/property is illegally parked; or,
            - The vehicle/property presents a traffic hazard if left in its position. or,
            - The vehicle/property is stopped on private property that does not belong to the operator/owner
        g. an officer has probable cause to believe the vehicle/property is evidence in a crime.
        h. a lawful demand order exists from another law enforcement or government agency.
        i. recovering any vehicle/property that has been reported as stolen or upon request of the owner if taken without their consent.

- C. Vehicle Crash Tows
    1. A vehicle involved in a crash may be legally parked by the owner/operator at the crash location in accordance with any restrictions imposed by City Ordinance or by Private Property Ownership.
    2. Vehicle owners/operators may request a specific tow company of their preference.
        a. However, the street must be cleared of the obstruction within 30 minutes, if appropriate.
        b. If the citizen requested tow is unable to respond in that time, an officer(s) will request a Police Ordered Tow.
        c. If vehicle/property is in a crash where the driver is injured, or is unable or unwilling to request a specific tow service, an officer(s) may request a

   Police Ordered Tow to have the vehicle/property towed to an impound lot. (61.4.3b)
  3. An officer(s) will remain to protect the area from other traffic until all debris is cleared from the roadway.
   a. The clearing of debris is the responsibility of the tow driver.

D. Police Ordered Private Property Tows
  1. Police towing of vehicle/property without consent or warrant from private property is authorized under the following conditions: ([304.157 RSMo](#))
      a. When the owner/operator is taken into custody and the vehicle/property would be left unattended on private property of another without consent and there is no person(s) present who can legally remove the vehicle/property with the operator's/owner's consent; (61.4.3b)
      b. The abandoned vehicle/property is left unattended forty-eight (48) hours; (61.4.3a,b) or,
      c. In the judgment of an officer, the abandoned vehicle/property constitutes a safety hazard or unreasonably interferes with the use of the real property by the person in possession. (61.4.3a,b)

E. Authorized Tow Waiver
  1. When the vehicle is legally parked and the owner/operator does not wish to have the vehicle towed, an officer can have the person sign an [Authorized Tow Waiver Form](#) allowing the vehicle/property to remain.
  2. If the vehicle/property is on private property, the property owner must be in agreement to allow the vehicle/property to remain.
      a. The owner/operator will be required to sign an [Authorized Tow Waiver Form](#).

F. Police Holds
  1. An officer may place a "hold" on a towed vehicle/property in the following situations:
      a. The vehicle/property is needed as evidence or to secure evidence from the vehicle where a search warrant is being obtained.
      b. The vehicle/property has been used to transport any controlled substance with the intent to compound, sell, distribute, deliver, dispense, export or import such controlled substance.
  2. When a "hold" is placed on a towed vehicle/property, the officer ordering the hold will mark the "POLICE HOLD DO NOT RELEASE" box on the [Tow Form – DOR 4569](#).
      a. The officer will warn the tow driver to exercise caution to prevent destroying or contaminating evidence if applicable.
  3. A "hold" may only be released by a supervisor/designee, or an outside agency representative that requested the hold.
      a. If an outside agency requests a "hold", CMS will obtain a written request.
      b. CMS will forward the written request to the Patrol Unit Secretary to be filed with the original Tow Report. (61.4.3c)

   4. If a vehicle/property is stored on City property, the person authorizing the release will notify a Property/Evidence custodian who will release the vehicle/property to the registered owner or other designated person.
      a. If stored at a contract tow company impound lot, the tow service will be notified of the authorization for release.

G. CMS Responsibilities
   1. CMS will conduct a computer check of the vehicle license and/or Vehicle Identification Number (VIN) and provide an officer(s) with all registered owner information, liens, and any other pertinent information.
      a. If the vehicle/property is reported as stolen, proper notification will be made to the reporting agency.
      b. If the vehicle/property is not reported as stolen an entry will be made into the MULES Impounded Vehicle File on abandoned vehicle/property.
   2. Notify the proper tow service when requested by an officer, and document the type of tow that was requested (e.g., citizen requested, police ordered, or non-preference tow).
   3. For vehicles/property that are towed without Law Enforcement Authorization, CMS will record the date on which the towing company filed the Abandoned Property Report – DOR 4669, and will promptly make an inquiry into the National Crime Information Center (NCIC) and any statewide Missouri Law Enforcement computer system to determine if the abandoned vehicle/property has been reported stolen.
      a. CMS will enter the information pertaining to the towed vehicle/property into computer system and an officer will sign and provide a copy of the abandoned property report to the tow service.
      b. CMS will search the Department of Revenue (DOR) records and provide the tow service with the latest owner and lien-hold information.

H. Private Property Tow without Law Enforcement Authorization (61.4.3b)
   1. Abandoned vehicles/property on private property will be the responsibility of the property owner, lessee in lawful possession of the real property, or the property or security manager when: (61.4.3a)
      a. The above listed persons are present;
      b. The property or security manager is a full-time employee of the business entity; and under the conditions as outlined in Section 4, Subsection 1, 2, and 3 of 304.157 RSMo.
   2. If the owner of the towed vehicle/property cannot be located, a tow service may take action pursuant to guidelines in 304.155, 304.156, and 304.157 RSMo for disposal.
      a. The towing company will deliver a copy of the Abandoned Property Report – DOR 4669 to the local law enforcement agency where the property is located within 2 (two) hours. (61.4.3c)
         • State Statute may allow a copy of the form to be delivered within 24 (twenty-four) hours of the tow under certain conditions. (Refer 304.157 RSMo)

I. Record of Towed Vehicles/Notification of Owner
  1. Tow Form – DOR 4569 is a multi-page report that will be completed by an officer for a Police Ordered Tow. (61.4.3c)
     a. The original (top copy) will be retained by an officer and submitted to the Patrol Unit Secretary with the remaining copies to the tow driver.
  2. The tow company will provide a tow ticket to an officer for a Police Ordered Tow and a Non-Preference Tow to be forwarded to the Patrol Unit.
     a. The listed services and charges should be reviewed by an officer before signing the ticket.
     b. If in disagreement with the noted services and/or charges, an officer should refuse to sign the ticket and provide notification to an on-duty supervisor.
  3. Police tow records on vehicles/property removed, towed, or stored at the direction of an officer/employee will be maintained in the Patrol Unit. (61.4.3c)
     a. Tow Form– DOR 4569 must be submitted to the Director of Revenue's Motor Vehicle Bureau within 10 (ten) working days of authorization of the tow on any unclaimed property.
     b. The Patrol Unit will receive notification from the City contracted tow service of all police ordered tows still in their storage lot.
        - The list will be compared to Tow Form – DOR 4569.
     c. After 3 (three) working days (City Ordinance 29-60(F)), if abandoned vehicle/property has not been released, the Patrol Unit Secretary will send a written notice to the registered owner and any lien holder of the abandoned vehicle/property.
        - The notice must include the fact that the vehicle/property was towed, the grounds for removal, and the place where the vehicle/property is being held.
     d. After 10 (ten) working days of any unclaimed abandoned vehicle/property the Patrol Unit Secretary will forward the tow report (DOR-4569) to the Department of Revenue.

J. Contract Tow Company Service and Performance
  1. The Tow Company will:
     a. be available for response twenty-four (24) hours a day 7 (seven) days per week, 365 days per year; (304.154 RSMo)
     b. maintain a response time of thirty (30) minutes after receiving a call from CMS, provided the location is within the City limits;
        - If the City Tow Service fails to respond within the time period set-forth, CMS may contact the on-duty shift supervisor to obtain permission to request another tow service.
     c. cooperate with the Department and readily accept and follow instructions by officers at the scene;
     d. tow vehicles/property to the approved tow lot within the City limits or other destinations as ordered by officers of the Department.
     e. be responsible for clean up and removal of all debris from the roadway;
     f. furnish all reports required by the Department, Missouri Statutes, and the City;

      g. have all equipment necessary for the removal of the vehicles/property when they arrive at the location of the call;
      h. provide a copy of the tow ticket to the officer for a police ordered or non-preference tow.
2. Police Officers will document on an intra-departmental form any problems regarding the City contracted tow service, and forward through the Chain of Command to the appropriate Division Commander/designee.

# CERTIFICATE OF SERVICE

      I hereby certify that on April 24, 2024, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A paper copy will be served on participants in the case by U.S. Mail, postage prepaid, within five days of the Court's notice that the brief and addendum have been reviewed and filed.

      Christopher S. Swiecicki
      Swiecicki & Muskett, LLC
      16100 Chesterfield Parkway W
      Suite 368
      Chesterfield, Missouri 63017

      *Attorney for Appellant*


      /s/ *Justin G. Davids*
      Justin G. Davids
      Assistant United States Attorney