No. 23-3518

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,
*Appellee,*
v.
JASON M. POTTER,
*Appellant*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
HONORABLE ROSEANN A. KETCHMARK
(No.21-00120-01-CR-W-RK)

CORRECTED - REPLY BRIEF OF APPELLANT

Christopher S. Swiecicki
SWIECICKI & MUSKETT, LLC
16100 Chesterfield Parkway W, Ste 368
Chesterfield, MO, 63017
Office: (636) 778-0209
Direct: (314) 341-5796
Chris@SwiecickiLaw.com
Attorney for Appellant

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS**....................................................................................ii

**TABLE OF AUTHORITIES** ..........................................................................iii

**INTRODUCTION** ........................................................................................ 1

**ARGUMENT** ................................................................................................2

   I.   The trial court erred in denying defendant's motion to suppress evidence discovered in his automobile......................................................2

**CONCLUSION** ............................................................................................ 9

**CERTIFICATE OF COMPLIANCE**........................................................ 10

# TABLE OF AUTHORITIES

**Federal Cases**

*Colorado v. Bertine,* 479 U.S. 367, 372, 107 S. Ct. 738, 741 (1987)............... 8
*Hudson v. Michigan*, 547 U.S. 586, 126 S.Ct. 2159 (2006).......................... 5
*Segura v. United States*, 468 U.S. 796, 815, 104 S.Ct. 3380 (1984) ............. 5
*U.S. v. Conner*, 127 F.3d 663, 667 (8th Cir. 1997)......................................... 9
*U.S. v. Taylor*, 636 F.3d 461, 464 (8th Cir. 2011) ..................................... 6, 7
*United States v. Olivera-Mendez*, 484 F.3d 505 at 511 (8th Cir. 2007)......... 5

**Federal Statutes**

RSMo § 304.155.1 .................................................................................... 7

# INTRODUCTION

Appellant incorporates his statement of facts from his initial brief.

# ARGUMENT

## I. The trial court erred in denying defendant's motion to suppress evidence discovered in his automobile.

As argued in Potter's initial brief, the inventory search of his car was unreasonable under the totality of the circumstances and violated his rights under the Fourth Amendment. The government failed to prove that Lee's Sumit Police Department's tow policy authorized the officer's decision to tow Potter's car at the time he was arrested. Because the vehicle was not appropriately authorized to be towed at the time Potter was arrested, the officers inventory search was not lawful. And because the evidence in Potter's car would not have been obtained but-for the unlawful inventory search, suppression of the evidence is the appropriate remedy. *United States v. Olivera-Mendez*, 484 F.3d 505 at 511 (8th Cir. 2007) citing *Hudson v. Michigan*, 547 U.S. 586, 126 S.Ct. 2159 (2006) and *Segura v. United States*, 468 U.S. 796, 815, 104 S.Ct. 3380 (1984).

The inventory search exception permits law enforcement to conduct an inventory search on a vehicle that was *lawfully* taken into custody. *U.S. v. Taylor*, 636 F.3d 461, 464 (8th Cir. 2011). As Potter's car was not lawfully impounded, his vehicle was not lawfully taken into custody and therefore law enforcement was not permitted to conduct an inventory search on the vehicle.

The officers admitted their decision to tow the vehicle was based on Lee Summit's Tow Policy Section III(B)(1)(f). This section authorizes a tow when "the operator of the vehicle is taken into custody." The operator of the vehicle, Dryden, was not taken into custody and was only unable to drive the vehicle due to a suspended license. Although Potter was taken into custody, he was not the operator of the vehicle, only a passenger; therefore, the officers were not authorized to tow Potter's car under this section of the policy.

Contrary to the Government's claims, officers could not have arguably towed the vehicle under Section III(B)(1)(b) of the policy. They argue that the officers could have towed the vehicle under this section because it was abandoned and there was no indication anyone was returning to remove the vehicle. However, this section only permits towing abandoned vehicles if they obstruct the normal movement of traffic or constitute a hazard to public safety, and there is no indication that Potter's vehicle either obstructed the normal movement of traffic or constituted a hazard to public safety at the time the officers chose to tow it. (Gov't Exh. 2, at 3). Potter's vehicle would therefore be classified as abandoned property and subject to the normal procedures for abandoned property under Section(III)(A)(2) which would

not allow the vehicle to have been towed for another 48 hours instead of when the officers decided to tow it. (Appellee's Addendum, page A1).

Appellee argues that the officer's reasonable application of the intent of the policy justified the inventory search; however, the reasonableness requirement is not met if an inventory search is not conducted according to the standardized police procedures. *Taylor*, 636 F.3d at 464. Lee's Summit does not have a separate inventory policy and the tow policy did not authorize the officers to tow Potter's car when he was arrested and therefore did not authorize them to conduct the inventory search. Due to the specificity of the applicable procedure and the totality of the circumstances, the officer's attempt to apply the intent of the policy is immaterial and insufficient to prove the inventory search was reasonable.

RSMo § 304.155.1(5) requires an officer to give a driver being arrested the opportunity to arrange for a vehicle's timely removal before impounding such property and performing an inventory search. Appellee claims that the officer's gave Potter the opportunity to arrange for a vehicle's timely removal prior to impounding the property; however, the alleged phoning of Potter's friend to remove the vehicle from an unknown law enforcement phone and not leaving a message is dubious. Potter also gave the officers permission to give his keys to the driver of the car, but the officers refused. A person also

4

showed up to move the car within an hour after Potter had been arrested, to claim and remove the car in a timely manner; however, the officers refused to relinquish the car as they had already begun their premature and unlawful impoundment and inventory search and found the evidence in the back of Potter's car. Had the officers not impounded the car, this person would have been able to remove it in a timely manner and the car would not have been in the officer's possession when they were notified of the meth found on Potter.

Evidence discovered during an inventory search is not admissible if the officers acted in bad faith or for the sole purpose of investigation. *Colorado v. Bertine,* 479 U.S. 367, 372, 107 S. Ct. 738, 741 (1987). Appellee claims that there was no evidence the search was pretextual and was therefore an investigatory search rather than inventory search; however, Appellee fails to consider the underlying connection between the search and Erin Melton. In the video, there is a recording of someone mentioning that they are after Erin. This supports the possibility that the officers believed they would find things related to Erin and were thus acting in an investigatory manner when they were searching Potter's car.

Appellee also states that the officers had no other reason to believe Potter was involved in other criminal activity; however, the whole reason the

officers were at the hotel at this time is because they were conducting surveillance due to stolen cars and reports of disturbances and drug activity. There is a possibility that the officers believed Potter was involved in the illegal activities they were investigating after they saw him leave the hotel they were surveilling. If so, this supports the argument that this was an investigatory search rather than an inventory search.

Regarding the inevitable discovery doctrine, appellee claims that the discovery of the evidence was inevitable once the jail found the methamphetamine on Potter. The government fails to prove that it is more likely than not that the evidence in Potter's car would have been discovered by lawful means notwithstanding the inventory search. *U.S. v. Conner*, 127 F.3d 663, 667 (8th Cir. 1997). There is a possibility that if the police had not conducted the inventory search, they would have let the person who appeared remove the car. The main reason he was not able to remove the car was because they had already conducted the inventory search and found the evidence in the car, and they claimed he was unidentified. The reason he was unidentified was because the police failed to question him further as they had already made up their minds that they were not going to relinquish the car to anyone due to the evidence found. There is a possibility that if the car had not been unlawfully impounded, the person would have been able to remove

it for Potter. There is also the possibility that the attempts to call the other person Potter suggested were insufficient and if they were conducted properly, the person would have come to remove the car before it was unlawfully impounded. If this were the case, then the car would not have been in the authority of the officers at the time they were notified the jail found methamphetamine on Potter, and they would not have been able to obtain the evidence through an inventory search. Therefore, the government has not proved by a preponderance of the evidence that the evidence in Potter's car would have been discovered by lawful means notwithstanding the inventory search.

Although appellee is correct in stating there was no need to arrest Potter immediately, the fact that the officers waited until he had just left private property further supports the argument that there was bad faith motivation in the inventory search of Potter's car. Rather than seeking a valid warrant to search Potter's vehicle, the officers went around the search requirements by allowing the vehicle to move off private property a short distance before initiating a traffic stop. The officers had multiple other avenues they could pursue when arresting Potter, yet they chose the one that would allow them to not need a warrant in order to search his car they saw Potter loading bags into.

Because of the conduct and ruse of the arresting officer to gain control of Potter's vehicle and the unlawful inventory search, this court should reverse the district court and sustain Defendant's motion to suppress.

## **CONCLUSION**

For the above reasons, Potter respectfully requests that this Court reverse the ruling of the district court and sustain Defendant's Motion to Suppress the Evidence seized at the traffic stop.

RESPECTFULLY SUBMITTED,

SWIECICKI & MUSKETT, LLC

By: /s/ Christopher S. Swiecicki
Christopher S. Swiecicki #38402
Swiecicki & Muskett, LLC
16100 Chesterfield Parkway W, Ste 368
Chesterfield, MO, 63017
Office: (636) 778-0209
Direct: (314) 341-5796
Chris@SwiecickiLaw.com
Attorney for Appellant

# **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that this brief complies with Federal Rule of Appellate Procedure 32(a) and Eighth Circuit Local Rule 28A because the brief was prepared in a 14-point proportionally spaced typeface in Microsoft Word and contains 1,758 words, and the electronic version of the brief were scanned for viruses and are virus-free.

                                               /s/ Christopher S. Swiecicki